## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, et al.<br><br>Debtors. | Chapter 11<br>Case No.: 22-50073 (JAM)<br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>       Plaintiff,<br>v.<br><br>WA & HF, LLC<br><br>       Defendant | Adv. Pro. No: 24-5246 (JAM)<br><br>FEBRUARY 12, 2026 |

### DEFENDANT WA & HF, LLC'S ANSWER AND
### AFFIRMATIVE DEFENSES TO COMPLAINT, INCLUDING JURY DEMAND

WA & HF LLC ("Defendant"), by and through its undersigned counsel, responds to Plaintiff/Chapter 11 Trustee Luc A. Despins's ("Trustee" or "Plaintiff') Complaint (the "Complaint") as follows:

## ANSWER

### NATURE OF ACTION

1.      Defendant admits that this action purports to be one to avoid and recover transfers of Debtor's property prior to the commencement of this Chapter 11 case. Except as so expressly admitted, denied.

2.      Defendant admits that Saraca Media Group Inc. ("Saraca") deposited certain funds into the account of Defendant prior to the Petition Date, but leaves Plaintiff to its proof as to the legal effect of any such transfers and whether such transfers are barred by the applicable statute of limitations. Except as so expressly admitted, denied.

3.      Denied that such transfers were fraudulent.  As to any allegations directed against the Debtor, Defendant lacks knowledge or information sufficient form a belief.

### JURISDICTION AND VENUE

4.      Defendant admits that this action purports to be an adversary proceeding arising pursuant to 28 U.S.C. § 1334(b) over which this Court would have subject matter jurisdiction.

5.      Defendant admits that this action has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.      Defendant admits that Plaintiff seeks relief pursuant to sections 544, 548 and 550 of Title 11 of the United Staes Code (the "Bankruptcy Code") and New York Debtor & Creditor Law sections 273 and 276.  Given the Court's order dated January 16, 2026, Defendant denies, however, that the Plaintiff seeks relief pursuant to New York Debtor & Creditor Law section 274. To the extent necessary, Defendant denies any other allegations in Paragraph 6 and Footnote 2 of the Complaint.

50088440.1

## PARTIES

7.      Defendant admits that the Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Doc. No. 5231.

8.      Admitted.

9.      Admitted.

## FACTS

### A.      Chapter 11 Case[1]

10.      Admitted.

11.      Defendant leaves the Plaintiff to his proof as to whether, and when, the Debtor was "deeply" indebted and whether and when Debtor's property was transferred through his "many alter ego shell companies, including Saraca."

12.      Defendant admits that the Debtor filed bankruptcy schedules in March 2022, and those schedules speak for themselves. Except as so expressly admitted, denied.

### B.      Debtor's Alleged Use of Shell Companies and Trustee's Adversary Proceedings

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.  To the extent that further response is necessary, Defendant notes that it had a contractual relationship with Saraca for which it ultimately received partial payment in exchange for the services rendered.

---

[1]Defendant maintains the section headings from the Plaintiff's complaint without any concession as to the accuracy of their description or characterization and expressly reserves the right to contest the accuracy of those descriptions if necessary in the future.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13. To the extent that further response is necessary, Defendant notes that it had a contractual relationship with Saraca for which it ultimately received partial payment in exchange for the services rendered.

15. Defendant admits that, since his appointment, the Trustee has commenced hundreds of adversary proceedings related to these Bankruptcy Cases. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. The allegations in those adversary proceedings speak for themselves. Defendant admits that this Bankruptcy Court has entered various orders in a number of proceedings related to these Bankruptcy Cases. Those orders speak for themselves. Except as so expressly admitted, denied.

16. Paragraph 15 includes legal argument, purported legal conclusions and argumentative statements that do not require a response, particularly in light of the abject lack of relevance to the ability of the "fact pattern" to establish liability against this discrete Defendant. To the extent that additional response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies those allegations.

17. Defendant has no reason to dispute the allegations of Paragraph 16, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific

defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

## C.   Debtor's Alleged Conduct to Hinder, Delay, and/or Defraud Creditors

18.   Defendant has no reason to dispute the allegations of Paragraph 17, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

19.   Defendant has no reason to dispute the allegations of Paragraph 18, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

20.   Defendant cannot respond to the Trustee's subjective assertions as to whether the Defendant has or has not "gone to great lengths", but Defendant otherwise has no reason to dispute the factual allegations of Paragraph 19, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has

50088440.1

commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

21. Defendant leaves the Plaintiff to his proof as to whether Saraca was an "alter ego" of the Debtor. As to the remaining allegations of Paragraph 20, Defendant cannot respond to the Trustee's subjective assertions, but Defendant otherwise has no reason to dispute the remaining factual allegations of Paragraph 20, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

22. Defendant has no reason to dispute the allegations of Paragraph 21, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief and leaves the Trustee to his proof.

23. Defendant has no reason to dispute the allegations of Paragraph 22, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of

50088440.1

Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief.

24. Defendant has no reason to dispute the allegations of Paragraph 23, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required, Defendant lacks knowledge or information sufficient to form a belief and leaves the Trustee to his proof. Defendant leaves Plaintiff to its proof as to whether Saraca was an alter ego of the Debtor. As to the remaining allegations of Paragraph 24, Defendant has no reason to dispute the allegations of Paragraph 18, but such information is outside the scope of its knowledge and outside the boundaries of this Adversary Proceeding against this Defendant. Those proceedings have no relevance to the instant proceeding and appear to be part of the boilerplate allegations that the Trustee has included in the hundreds of Adversary Proceedings he has commenced without delineating specific allegations against specific defendants, like Defendant in this case. To the extent that further response is required and/or the allegation implicates any assertion that payment to the Defendant for the services it rendered as part of the parties' contractual agreement was improper, denied. To the extent that the allegation claims that the payments to Defendant came from anyone other than Saraca for services Defendant rendered under the terms of the parties' contractual agreement, denied.

D. **Debtor's Shell Game and Fraud Continues Post-Petition**

25.     Paragraph 26 includes subjective characterizations, boilerplate assertions part of the Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 26 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, specifically as to whether Saraca was an alter ego of the Debtor, of the Complaint and therefore denies those allegations.

26.     Paragraph 27 includes subjective characterizations, boilerplate assertions part of the Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 27 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies those allegations.

27.     Paragraph 28 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 28 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

**E.      Transfers Allegedly Made with Intent to Hinder, Delay, or Defraud Creditors**

28.     Paragraph 29 includes subjective characterizations, boilerplate assertions part of the Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 29 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph29 of the Complaint and therefore denies those allegations.

29.     Paragraph 30 includes subjective characterizations, boilerplate assertions part of the

50088440.1

Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 30 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations.

30.     Paragraph 31 includes subjective characterizations, boilerplate assertions part of the Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 31 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies those allegations.

31.     Paragraph 32 includes subjective characterizations, boilerplate assertions part of the Trustee's blunderbuss claims as to hundreds of adversary defendants, and assertions that do not require a response. To the extent Paragraph 32 includes factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies those allegations.

**F.     Transfers to Defendant**

32.     Defendant admits that the fund referenced were transferred to it, but denies that they were transferred by the Debtor.  As to any allegations regarding the legal effect or significance of such transfers, Defendant denies any allegations of impropriety given the exchange of value for the services it rendered to Saraca pursuant to the parties' contractual agreement.

33.     Defendant is without sufficient information and belief and therefore leaves Plaintiff to its proof as to what obligations the Debtor had. Defendant admits that it was the transferee of the transfers, but denies any legal effect of that fact or any characterization of it as "initial transferee" subjects it to liability.

50088440.1

## PLAINTIFF'S FIRST CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

34.     Defendant incorporates by reference its responses to the foregoing paragraphs 1-35.

35.     Defendant lacks knowledge or sufficient information to form a belief as to Debtor's intent and as to whether Saraca was an alter ego as alleged.  However, Defendant denies that the transfers were received for any reason other than to compensate Defendant for the services it rendered.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 38, including all subparts.  However, Defendant denies that the transfers were received for any reason other than to compensate Defendant for the services it rendered.

37.     Denied.

## PLAINTIFF'S SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

38.     Defendant incorporates by reference its responses to the foregoing paragraphs 1 35.

39.     Defendant lacks knowledge or sufficient information to form a belief as to Debtor's intent and as to whether Saraca was an alter ego as alleged.  However, Defendant denies that the transfers were received for any reason other than to compensate Defendant for the services it rendered.

40.     Defendant lacks knowledge or sufficient information to form a belief as to Debtor's intent and the remainder of the allegations in Paragraph 42.  However, Defendant denies that the transfers were received for any reason other than to compensate Defendant for the services it

50088440.1

rendered.   To the extent that further response is required, Defendant is without sufficient information and belief and leaves Plaintiff to his proof.

41.   Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief it requests, including the relief outlined in Paragraphs 1 through 4 of the Prayer section of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the Complaint. In asserting these defenses, Defendant does not concede that it bears the burden of proof on any issue as to which the Trustee would otherwise bear the burden of proof.

### First Affirmative Defense

1.   The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.   The Complaint fails to allege facts with sufficient particularity that, if proven, establish a *prima facie* case for recovery under Sections 548 and 550 of the Bankruptcy Code and the applicable provisions of New York Debtor & Creditor Law, and by this failure the Trustee has failed to state a claim upon which relief may be granted.  This is particularly true in light of the boilerplate allegations that Trustee has inserted in the hundreds of adversary proceedings that  it has commenced without articulating specific allegations against this Defendant.

### Third Affirmative Defense

3.   The Trustee lacks standing to bring the claims stated in the Complaint.

50088440.1

### Fourth Affirmative Defense

4.      The relief requested in the Complaint is barred, in whole or in part, by the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 548 and 550.

### Fifth Affirmative Defense

5.      To the extent that Defendant received the transfers alleged in the Complaint, Defendant has a lien on or may retain any interest transferred or may enforce any obligation incurred pursuant to the Bankruptcy Code, including 11 U.S.C. § 548(c), and applicable state law.

### Sixth Affirmative Defense

6.      The relief requested in the Complaint is barred by Sections 550(b) and 550(d) of the Bankruptcy Code.

### Seventh Affirmative Defense

7.      The relief request in the Complaint is barred by New York Debtor & Creditor Law Section 277, including but not limited to Sections 277(a)-(d) and (f).

### Eighth Affirmative Defense

8.      The alleged transfers set forth in the Complaint did not constitute property of the Debtor or the Debtors' bankruptcy estate.

### Ninth Affirmative Defense

9.      The relief requested in the Complaint is barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

10.      The relief requested in the Complaint is barred by the doctrine of *in pall delicto.*

### Eleventh Affirmative Defense

11.      The relief requested in the Complaint is barred by the *Wagoner* rule.

### Twelfth Affirmative Defense

12.     The relief requested in the Complaint is barred by waiver and estoppel.

### Thirteenth Affirmative Defense

13.     To the extent Defendant received the transfers alleged in the Complaint, such transfers were not made while the Debtor was insolvent.

### Fourteenth Affirmative Defense

14.     Defendant acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time it so acted.

### Fifteenth Affirmative Defense

15.     The Trustee's claims are barred by the doctrines of offset, setoff, and recoupment.

### Sixteenth Affirmative Defense

16.     The Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventeenth Affirmative Defense

17.     The Trustee bears the burden to prove each element of each claim asserted in the Complaint by the applicable evidentiary standard on a transaction-by-transaction basis. Defendant objects to the application of any order, decision, finding, or holding of any court in any proceeding to which Defendant was not a party or of which Defendant did not receive proper notice and an opportunity to be heard, including any order, decision, finding, or holding regarding the application of any alter ego or related doctrine to the claims the Trustee asserts in the Complaint, whether under the law of the case, *res judicata,* or collateral estoppel or any other doctrine or argument.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Bankruptcy Code of the United States, applicable New York law (including the New York Uniform Voidable Transactions Act, New York Debtor & Creditor Section 270, *et seq.),* and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation. Defendant reserves the right to amend or supplement this Answer for any reason, including, without limitation, to assert other defenses, cross-claims, and third-party claims as this action proceeds.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, Defendant hereby demands a jury trial in the United States District Court before an Article III judge on all issues so triable. Defendant does not consent to the Bankruptcy Court conducting any jury trial in this action.

## DEFENDANT DOES NOT CONSENT UNDER
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b)

Defendant does not consent to the entry of any final order or judgment by the Bankruptcy Court. Defendant does not consent to the matter being heard by the Bankruptcy Court and reserves its right to have any final order or judgment entered only after *de novo* review by the United States District Court.

WHEREFORE, Defendant requests the Court dismiss this action with prejudice, award the costs of this action, and enter such other relief as is just and proper and to which Defendant might legally be entitled.

50088440.1

Dated: February 12, 2026

BARCLAY DAMON LLP

By: /s/ Brian D. Rich
    Brian D. Rich (ct24458)
    Barclay Damon LLP
    555 Long Wharf Drive, 6th Floor
    New Haven, CT 06511
    Tel: (203) 672-2670
    Fax: (203) 951-3236
    Email: brich@barclaydamon.com

50088440.1

**<u>CERTIFICATION</u>**

I hereby certify that on February 12, 2026 , a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

<u>/s/ Brian D. Rich</u>
Brian D. Rich
BARCLAY DAMON LLP
555 Long Wharf Drive, 6th Floor
New Haven, CT 06511
Tele: (203)672-2670
Fax:  (203)951-3236
Email:  brich@barclaydamon.com

50088440.1