UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.,'* | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 24-05246 (JAM) |
| v . | |
| WA & HF LLC, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO REQUESTS TO ADMIT AND INTERROGATORIES**

Movant, Defendant, WA & HF LLC ("Movant"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Compel Responses to Requests to Admit and Interrogatories against the Plaintiff, Luc A. Despins, Chapter 11 Trustee (the "Trustee") pursuant to Federal Rule of Bankruptcy Procedure 7026, which incorporates Federal Rules of Civil Procedure 33, 34, and 37; see also USCS Bankruptcy R 7026.  As detailed herein, the Trustee appears to either forget or ignore that he is the Plaintiff in this case; instead seeking to force the Defendant to provide a basis for claims he has already brought, or guess as to what (if any) the factual basis for the claims might be.  Respectfully, while this approach signals larger problems with this case, if not a distortion of the legal process itself, it abjectly

50447979.1

fails to justify the trustee's approach to discovery in this case in any event. Similarly, while the Trustee believes that he can generally respond to discovery in this case by referencing his case against the Debtor generally, he fails to provide complete and responsive information pertaining to the allegations subject of this action, the *only* case being tried against *this* Defendant. For this, and other, reasons, Defendant respectfully requests that this Court order the Trustee to comply with his discovery obligations.

## CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

As detailed in the Declaration of Brian D. Rich ("Rich Declaration") attached hereto as Exhibit A, Movant has complied with all procedural prerequisites to this motion, including the mandatory meet-and-confer requirement established by the District of Connecticut's Standing Order on Discovery and Rule 37 Discovery Disputes provision and the applicable rules of this Court incorporating those procedures. Movant's counsel has conferred with the Trustee's counsel by virtue of both the correspondence attached to the Rich Declaration as Exhibits B and C and in two telephone conversations which took place, respectively, on March 20, 2026 and again on April 2, 2026, has discussed the discovery issues in detail, and has made good faith efforts to resolve the disputes without court intervention. Those efforts have failed.

## I.    INTRODUCTION & BACKGROUND

On May 6, 2019, WA, entered into a Software Development Agreement with Saraca Media Group Inc. ("Saraca"). WA developed and delivered a social media application, which Saraca accepted on March 12, 2020, and paid approximately $523,396.35 (the "Disputed Payment"). As a result of Saraca's breach, WA filed suit in Superior Court of Washington for King County (Case No. 20-2-12680-2 SEA *See WA & HF LLC v. Saraca Media Grp. Inc.,* No. 2:21-cv-00490 (W.D. Wash. filed Apr. 12, 2021). The removed action was resolved through a

50447979.1

settlement, the claims fully released (the "Washington Litigation") and stipulation of dismissal entered with the Court.

The Trustee filed this Complaint on February 15, 2024, seeking to avoid and recover the Saraca payments under Bankruptcy Code §§ 544, 548, and 550 and New York Debtor & Creditor Law §§ 273-276.[2] Assuming, *arguendo,* that the Trustee's claim that Saraca was an *alter ego* of the Debtor succeeds, the Trustee's claim still fails, given the arms-length, for-value, relationship between WA and Saraca, as already resolved in the Washington litigation.

The Trustee, the plaintiff in this case, has vaguely asserted a lack of knowledge to answer multiple Requests to Admit and Interrogatories, purportedly on the basis that he lacks direct firsthand knowledge of central components of his claims in this case.  The Trustee's contentions ignore that a)he fails to detail any investigation to substantiate that he has a good faith basis to pursue these claims and b)he improperly seeks to shift the burden to the Defendant to find some evidence in support of *his* claims.  The Trustee's position leaves the Defendant "shadowboxing" against claims which lack a factual basis and a quintessential game of "blind man's bluff" in defending this case.  Moreover, to the extent that the Trustee claims that there is some factual knowledge that can be gleaned from his discovery, he simply invites the Defendant to "go fish" to find it in the more than 700,000 pages of materials he has produced in the larger bankruptcy proceeding, without articulating *any* idea of how this vast universe of documents has any application to *this* case.  The discovery requests at issue are directly relevant to the claims and defenses in this adversary proceeding and are proportional to the needs of the case. The Trustee's failure to comply with its discovery obligations warrants an order compelling complete responses and production.

50447979.1

On February 9, 2026, Defendant served the Trustee with its First Set of Requests to Admit (consisting of 10 Requests) and First Set of Interrogatories (consisting of 10 Interrogatories),pursuant to Federal Rules of Civil Procedure 33 and 34.  The Trustee served his responses to the Requests to Admit on March 11, 2026.  Copies of the responses, incorporating the original requests are attached hereto as Exhibits D and E.  On April 10, 2026, the Trustee provided limited supplemental responses to three interrogatories.  See Exhibit F attached hereto. Thereafter, counsel for the Defendant/Movant submitted correspondence regarding the discovery deficiencies subject of this motion and participated in telephonic meet and confers with counsel on March 20, 2026 and April 2, 2026.

## II.    ARGUMENT

The Court possesses clear authority under Federal Rule of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 33, 34, and 37 to compel discovery responses in this adversary proceeding. Movant has satisfied all procedural prerequisites imposed by the District of Connecticut's discovery rules, including the mandatory meet-and-confer requirement and the affidavit certification requirement.

Respondent's interrogatory responses fail to comply with Federal Rule of Civil Procedure 33's requirements for complete, verified answers. The responses are incomplete, evasive, and rely on improper objections that lack the specificity required by the rules. Respondent has failed to answer the unobjectionable portions of interrogatories, has not identified what responsive information is being withheld, and has not demonstrated that claims of lack of knowledge are based on reasonable inquiry.  Because Respondent has failed to comply with its discovery obligations without substantial justification, the Court should grant this Motion to Compel.

50447979.1

This Court possesses the clear authority to compel discovery responses in this adversary proceeding. Federal Rule of Bankruptcy Procedure 7026 incorporates the Federal Rules of Civil Procedure governing discovery, including Rules 33 (interrogatories), 34 (requests for production of documents), and 37 (discovery disputes and enforcement). USCS Bankruptcy R 7026Federal Rule of Civil Procedure 37(a) authorizes this Court to issue an order compelling discovery responses when a party fails to answer interrogatories, fails to produce documents, or provides evasive or incomplete responses to discovery requests. USCS Fed Rules Civ Proc R 37

### A. <u>Inadequate Responses to Requests to Admit</u>

As detailed in correspondence to the Trustee's counsel, and reiterated in the telephonic meet and confers, Federal Rule 36(a)(4) requires, inter alia, that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny**."(emphasis added).  Notwithstanding this basic requirement of the applicable Rule, the Trustee has not only failed to confirm that it has conducted any such inquiry, as detailed in its responses to Requests 1, 2, 3, 5, 6, 7, 9 and 10.[1] Instead, the Trustee vaguely asserts that he has no "independent" knowledge and/or that the Defendant has the "burden of proof" as to any defenses.  These contentions are without merit.

First, with respects to the Trustee's purported inability to Request Nos. 1-3, 7, 9 and 10 to the extent that the Trustee conducted any reasonable inquiry into answering these requests, he should so state it.  Alternatively, if he failed to conduct that inquiry, he should state that fact. The Trustee's response; the legal equivalent of "I don't know" fails to satisfy any applicable standard required by the Federal Rules.

---

[1] Similarly, despite professing to have no information to admit or deny 8 of the 10 requests, the Trustee appears to deny Request Nos. 4 and 8, each dealing with whether he has evidence of the impropriety of the alleged transfers.

50447979.1

Similarly, in addition to all of the arguments referenced above, the Trustee's response to Request No. 5, requesting that he admit that the Defendant commenced litigation against Saraca, fails to constitute a viable response.  Not only does the Trustee <u>not</u> state that he has conducted any reasonable inquiry but his own statements in this litigation, including in opposing the Defendant's Motion for Permission to file a Motion to Dismiss this case, clearly establish that he *was* aware of this litigation.  There is no justifiable basis for the Trustee to fail to answer this request.

Similarly, Request Nos. 7 & 9 are simply not legal conclusions, as the Trustee alleges. Request No. 7 seeks an admission that "this proceeding seeks recovery for payments received by the Defendant pursuant to the Agreement."  Request No. 10 seeks to have the trustee admit that the "Agreement requires payments greater than the amount of the transfers you are seeking to recover in this case," a simple mathematical exercise of comparing Schedule A of the complaint to the terms of the agreement; there is nothing "legal" involved in answering the question. Defendant respectfully requests that this Court order the Trustee to answer these requests.

## III.   INADEQUATE INTERROGATORY RESPONSES

Federal Rule of Civil Procedure 33 governs interrogatory responses and establishes mandatory requirements for their form and substance. USCS Fed Rules Civ Proc R 33.  The rule requires that interrogatory responses be full, separate, and written answers provided under oath. The Trustee's interrogatory responses fall short of this requirement, are incomplete and evasive, and provide only partial information or qualified answers that do not fully address the scope of the interrogatories.  Moreover, Rule 33(d) specifically requires:

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of

50447979.1

deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

**(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and**

**(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.  See Federal Rule of Civil Procedure 33(d)(**Emphasis added**).

"Rule 33 does not permit a party to avoid specific responses to interrogatories by reference to undifferentiated masses of documents. *See, e.g., McCullough v. World Wrestling Entm't, Inc*., 2018 U.S. Dist. LEXIS 61417, \*17 (D. Conn. 2018)(citing *This, LLC v. Jaccard Corp., No. 3:15-CV-1606(JBA), 2017 U.S. Dist. LEXIS 19383, 2017 WL 547902, at \*3 (D. Conn. Feb. 9, 2017).*  Instead, "….the rule "requires that a party seeking to use alternative means of responding to an **interrogatory** specify the records from which a **response** can be ascertained." *Id*; citing *New Colt Holding Corp. v. RJG Holdings of Florida, Inc*., No. CIV.3:02-cv-173(PCD), 2003 U.S. Dist. LEXIS 18039, 2003 WL 22327167, at \*2 (D. Conn. June 17, 2003).  The Trustee has failed this basic requirement.

Here, as a general proposition, the Trustee's discovery responses rely on the proposition that he had no obligation, notwithstanding the requirements of, *inter alia*, Rule 11, to provide a basis of the assertion of claims against the Defendant.  At least partially conceding the lack of merit in that assertion, however, the Trustee then resorts to the fallback position that, to the extent that there is information providing a basis for his claims, it is incumbent upon the Defendant to find it in the hundreds of thousands of pages of documents produced by the Trustee, as collected by third parties.  Simply put, if the Trustee has information supporting his claims against *this* Defendant, he should provide it without the Defendant having to hunt for and guess what that supporting information might be.  Moreover, the Trustee's tertiary assertion-that somehow the Defendant would be in a better position to identify the information supporting *his*

50447979.1

claims-is without merit.  At the risk of stating the obvious, the Defendant has no information supporting the trustee's claims and, in any event, has already complied with the trustee's requests subject to appropriate objections.  Each of these themes permeates the responses to individual requests, as detailed below:

    a.  **The Trustee's Responses to Interrogatories 1, 5, 6, 7, 8, 9 and 10 Relying on Unspecified Documents in the "Database" are Insufficient.**

As noted in the foregoing, Rule 33 requires a specification of documents purportedly responsive to particular Interrogatories.  See, e.g., *This, LLC v. Jaccard Corp.*, 2017 U.S. Dist. LEXIS 19383, *9 (D. Conn. 2017)(Rule 33(d) does not permit a party to avoid specific responses to interrogatories by reference to undifferentiated masses of documents. Rather, "[t]he provision requires that a party seeking to use alternative means of responding to an interrogatory specify the records from which a response can be ascertained."); citing *New Colt Holding Corp. v. RIG Holdings of Florida, Inc.*, No. 3:02-cv-173(PCD), 2003 U.S. Dist. LEXIS 18039, 2003 WL 22327167, at *2 (D. Conn. June 16, 2003).  To the extent that the Trustee's responses to these interrogatories rely on a blanket citation to the "document dump" in its 700,000 plus pages of the "database," they are simply insufficient and make it impossible for the Defendant to identify what, if anything, the Trustee relies upon.

    b.  **Each Response is Otherwise Insufficient;**

**Interrogatory No. 2:** the trustee refuses to "identify or state the specific factual basis as how to the Debtor was able to 'benefit from his fraud' by providing compensation to WA & HF in 2019 and 2020," instead generally cites to the general conduct of the Debtor.  This response fails to identify any information pertaining to *this* Defendant, or to the transfers as alleged in his complaint.

50447979.1

**Interrogatory No. 3**: the trustee refuses to identify the factual basis for his claim of insolvency at the time of the Schedule A transfers, instead only blithely claiming that the Debtor has "repeatedly represented under oath that he was insolvent at all relevant times," wholly without defining what those "relevant times" even are, where the Debtor has represented this, or any sufficient information required by the Interrogatory.

**Interrogatories No. 4 & 5:**[2]  the trustee refuses what factual investigation was conducted prior to bringing this claim against *this* Defendant, or even if there was any.  This request, seeking to identify the factual basis for the trustee's claims is directly relevant to the claims and defenses and more than proportional to the discovery needs in this case.  The Defendant is entitled to know what information that the Trustee relies upon so that it can defend itself.

Similarly, the trustee refuses to identify the factual information in his possession relating to the alleged relationship between the Defendant and Saraca, instead simply pointing to the allegations of the complaint (which fail to detail any) and, in supplement, to generalized allegations against Saraca.  These responses fail to comply with any applicable understanding of the federal rules.  *See, e.g., Nau v. Papoosha*, 2023 U.S. Dist. LEXIS 2369, *9 (Conn. Dist. 2023); citing ("If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer. Rather, the party must respond in a way that lets the requesting party know the information is unavailable. ... Simply stating that a party does not know the answer to legitimate questions is unacceptable; a party has a duty to inquire or find the answer.")(internal citations omitted).

---

[2] The Trustee's supplemental response to Interrogatory 5 identifying information pertaining to Saraca generally fail to resolve the discrepancy, as he continues to fail to specify what information, if any, he has as to the role of this Defendant.

50447979.1

**Interrogatory Nos . 6 & 7:**   the trustee fails to identify factual information reflecting that the transfers were not for value, instead referring the Defendant to the "documents in the database," without any specification of any of their application to *this* case, and fails to identify any information reflecting that the transfers were made for any improper purpose.  If the Trustee has no such information, he should state that.  The Supplemental Response, generally referring to allegations against Saraca generally in another proceeding, do not cure this deficiency.

**Interrogatory No. 8:**  the trustee fails to identify any information supporting any contention that the services referenced in the agreement were not provided, other than the generic invitation to look at the database.  If the trustee lacks the information to support its claims, it should state that.

**Interrogatory No. 9**:  the trustee takes umbrage with answering whether it is his contention that Defendant is not entitled to be paid for any services rendered under the Agreement.  This is hardly "argumentative" or irrelevant, as the question bears on whether the trustee is maintaining a claim that

**Interrogatory No. 10:**  first, the trustee's position that it should not have to answer whether Saraca received the services contemplated by the software development agreement because Defendant "bears the burden of proof" is without merit.  The trustee was asked to provide, and failed to provide, any support for the notion that the obligation to produce discovery is impacted by who bears the burden of proof, nor can he.  Similarly, the trustee's continued invitation for the Defendant to fish in its 700,000 pages is without justification for all of the reasons previously expressed.

50447979.1

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court enter an Order:

1. Compelling Respondent to provide verified, complete, and supplemental answers to the Interrogatories and Requests to Admit as identified above within ten (10) days of any ruling on this motion.

2. And granting such other and further relief as the Court deems just and proper, including but not limited to entertaining any award of the Defendants' fees and costs associated with the filing of this motion.

**BARCLAY DAMON LLP**
*Counsel for Defendant, WA & HF LLC*

By:   */s/ 24458*
Brian D. Rich
555 Long Wharf Drive, Sixth Floor
New Haven, Connecticut 06511
Telephone: (203) 672-2670
Email: brich@barclaydamon.com

50447979.1

## CERTIFICATE OF SERVICE

I certify that on April 22, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Connecticut.

_/s/Brian D. Rich_
Brian D. Rich

50447979.1

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------------

In re:                                              Chapter 11

    HO WAN KWOK, *et al.*,                Case No. 22-50073 (JAM)

         Debtors.                 (Jointly Administered)

-----------------------------------------------------------------------

LUC A. DESPINS, CHAPTER 11 TRUSTEE,

         Plaintiff,               Adv. Proceeding No. 24-05246

v.

WA & HF LLC

         Defendant.

---

### DECLARATION OF BRIAN D. RICH

I, Brian D. Rich, hereby declare:

1.     I am a partner in the law firm of Barclay Damon LLP, counsel for the Defendant, WA & HF LLC.  I submit this Declaration pursuant to Local Civ. R. 37(a) and in support of the Defendant's  Motion to Compel Responses to Interrogatories and Requests to Admit (the "Motion to Compel") and the memorandum of law filed concurrently therewith (the "Memorandum"). I make this Declaration based upon my personal knowledge of the facts asserted herein based on my personal participation in this matter as well as a review of my firm's files.

2.     I served Interrogatories and Requests to Admit on the Plaintiff  on behalf of the Defendant on February 11, 2026.

3.     The Trustee provided Objections and Responses on March 11, 2026.

4.     Thereafter, counsel conferred on March 20, 2026 for a first meet and confer and again on April 2, 2026 in an effort to resolve the disputes subject of the motion.

5.     In connection with the meet and confer process, I transmitted correspondence to

50508379.1

counsel for the Plaintiff outlining the deficiencies in Plaintiff's responses on March 18, 2026 and April 1, 2026.

6. The Plaintiff provided limited supplemental responses on April 10, 2026, which responses did not resolve the issues subject of this motion.  The parties agree that meet and confer efforts have been exhausted.

7. Based on the facts set forth above and in the correspondence referenced herein, I certify that I have conferred with counsel for the Plaintiff in a good faith effort to resolve the issues subject of the motion without this Court's intervention and those efforts have failed.

8. Pursuant to 28 U.S. 1746, I declare under that the foregoing is true and accurate.

Executed at West Harford, CT on this 22nd day of April, 2026.

**BARCLAY DAMON LLP**
*Counsel for Defendant, WA & HF LLC*

By: *Brian D. Rich*

Brian D. Rich
555 Long Wharf Drive, Sixth Floor
New Haven, Connecticut 06511
Telephone: (203) 672-2670
Email: brich@barclaydamon.com

50508379.1

# Exhibit B

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
|  | : |  |
| v. | : |  |
|  | : |  |
| WA & HF LLC, | : |  |
|  | : |  |
| Defendant. | : |  |

---

**CHAPTER 11 TRUSTEE'S OBJECTIONS AND RESPONSES TO DEFENDANT
WA & HF LLC'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee" or the

"Plaintiff") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), hereby objects and responds to defendant WA & HF LLC's (the "Defendant")

Requests for Admission (the "Requests") pursuant to Federal Rule of Civil Procedure 36 as

incorporated by Federal Rule of Bankruptcy Procedure 7036.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## GENERAL RESPONSES

1.      The Trustee's responses to the Requests are made without waiving or intending to waive: (a) any objections as to the relevancy, materiality, privileged status or admissibility as evidence, for any purpose, of any statement or information provided in response to the Requests; (b) the right to object on any ground to the statements or information provided in response to the Requests at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

2.      A response to a Request stating objections and/or any manner of qualifying language shall not be deemed or construed as an admission of any alleged facts described in the Request or definitions and/or instructions applicable to the Request, or that the Trustee acquiesces to the characterization of any alleged facts described in the Request or definitions and/or instructions applicable thereto.

3.      The Trustee's review of his files in connection with the Requests is ongoing.  The Trustee expressly reserve his right to supplement, clarify, revise, or correct any or all of the responses and objections herein and to assert additional objections or privileges in subsequent supplemental response(s).  These responses and objections are made without prejudice to, and are not a waiver of, the Trustee's right to rely on other facts or documents in the above-captioned adversary proceeding (the "Adversary Proceeding") or any contested matter or (other) adversary proceeding related to the Debtor's Chapter 11 Case.

## GENERAL OBJECTIONS

4.      The Trustee responds to the Requests, including any definitions and instructions referenced therein, subject to the general responses set forth above and the general objections set forth below (the "General Objections," and each a "General Objection").  These limitations and objections, which form a part of the Trustee's response to each individual Request, are set forth

2

here to avoid the duplication and repetition of restating them for each individual objection and response. The General Objections may also be specifically referred to in the Trustee's objections and responses to certain of the individual Requests for purposes of emphasis and clarity. Failure to make any specific objection to an individual Request (a "Specific Objection," and collectively, the "Specific Objections"), however, should not be construed as a waiver of any General Objection.

5. The Trustee objects to the Requests to the extent they purport to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure and/or Civil Procedure, and/or the Court's *Order: (A) Granting in Part Chapter 11 Trustee's Motion for Entry of Order Amending Avoidance and Mediation Procedures; and (B) Entering Avoidance Actions Pretrial Order* (Main Case ECF No. 4828) (the "Avoidance Pretrial Order").

6. The Trustee objects to the Requests to the extent that fact discovery in this litigation is ongoing and has not been completed and, thus, the Requests are premature. In particular, any Requests seeking admissions with respect to "what evidence" exists at this time, is inappropriate and the Trustee reserves the right to amend and supplement his responses and objections based on any additional evidence obtained through the course of this litigation or otherwise.

7. The Trustee objects to the Requests and reserves his right where, due to any stated General and/or Specific Objections, a Request is incapable of being responded to, and a subsequent lack of an admission, denial, or statement that the Trustee has information insufficient to admit or deny such Request, such a response shall in no way be construed as an admission due to the inability of the Trustee to fully respond to the Request.

3

8.    The Trustee objects to any instruction, definition, and Request to the extent it assumes or implies the existence of facts or circumstances that do not or did not exist, or it states or assumes any legal conclusion.  Nothing contained in these responses and objections, nor the production of any information, shall be deemed to be an admission, concession, or waiver by the Trustee as to any question of fact or law at issue in the Adversary Proceeding or any contested matter or (other) adversary proceeding related to the Chapter 11 Case.

9.    The Trustee objects to the Requests to the extent they are not relevant to any party's claim or defense or proportional to the needs of the Adversary Proceeding.

10.    The Trustee objects to the Requests to the extent they are duplicative or seek information and/or knowledge not in the custody, possession, or control of the Trustee.

11.    The Trustee objects to the Requests as unduly burdensome, duplicative, and disproportionate to the needs of the Adversary Proceeding given the additional discovery concurrently served on the Trustee in connection with the Adversary Proceeding and in numerous other Adversary Proceedings related to the Debtor's Chapter 11 Case.

12.    The Trustee objects to the Requests to the extent they seek information and knowledge not required to be disclosed, including information and knowledge protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

13.    The Trustee objects to the Requests to the extent that the Defendant has not produced all responsive documents in this Adversary Proceeding.  Accordingly, the Trustee objects to any Request seeking a response from the Trustee that admits or denies information that the Defendant has not provided through discovery or otherwise have not identified or provided themselves.

4

14.     The Trustee objects to the Requests to the extent they are redundant or duplicative, including to the extent that they are compound or contain subparts and as such exceed the number of Requests permitted to be served under the Avoidance Pretrial Order.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

The responses set forth below are based upon information currently available and the Trustee reserves the right to supplement, amend, or correct these responses in light of information later obtained through discovery or otherwise.  Subject to and without waiver of the foregoing General Objections, the Trustee responds and objects to the individual Requests for Admission as follows:

**REQUEST NO. 1**

Admit that Exhibit A attached hereto is a true and accurate copy of the Agreement between Defendant and Saraca (the "Agreement").

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  All relevant facts surrounding the Defendant's agreement with Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca.   Due to the foregoing, the Trustee is unable to admit or deny this Request.

**REQUEST NO. 2**

Admit that Saraca received software development services referenced in the Agreement.

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on this issue; all relevant facts surrounding any services the Defendant contends Saraca received are

5

unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca, or the Defendant's prior history with Saraca.   Due to the foregoing, the Trustee is unable to admit or deny this Request.

**REQUEST NO. 3**

Admit that Defendant provided value in exchange for receiving payments under the Agreement.

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on this issue; all relevant facts concerning same are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca, or the Defendant's prior history with Saraca.   Due to the foregoing, the Trustee is unable to admit or deny this Request.

**REQUEST NO. 4**

Admit that you have no documentation supporting any allegation that Defendant's acceptance of the payments was not in good faith and/or not for value.

**RESPONSE:** Denied.

**REQUEST NO. 5**

Admit that Defendant commenced litigation against Saraca to recover the full payments due under the Agreement.

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on this issue; all relevant facts surrounding the Defendant's agreement or prior history with Saraca,

6

including any litigation that Defendant engaged in against Saraca, are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery. The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca, or the Defendant's prior history with Saraca. Due to the foregoing, the Trustee is unable to admit or deny this Request.

**REQUEST NO. 6**

Admit Defendant is entitled to be compensated for any services rendered under the terms of the Agreement.

**RESPONSE:** The Trustee objects to this Request in that it calls for a legal conclusion, which the Trustee is not required to provide in response to a Request for Admission. *See, e.g., Carver v. Bank of N.Y. Mellon*, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *5 (S.D.N.Y. Sep. 25, 2018). The Trustee further objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control. The Defendant bears the burden on this issue; all relevant facts surrounding the Defendant's agreement with Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery. The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca. Due to the foregoing, the Trustee is unable to admit or deny this Request.

**REQUEST NO. 7**

Admit that this proceeding seeks recovery for payments received by the Defendant pursuant to the Agreement.

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control. All relevant facts surrounding the

Defendant's agreement with Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca.   Subject to and without waiving these objections, the Trustee admits that this proceeding seeks recovery of the transfers identified in Schedule A of the Complaint.

## REQUEST NO. 8

Admit that you have no evidence to support the notion that the transfers made to Defendant, as listed in Schedule A of your complaint, were made for any improper purpose.

**RESPONSE:** Denied.

## REQUEST NO. 9

Admit that the Agreement requires payments greater than the amount of the transfers you are seeking to recover in this case.

**RESPONSE:**  The Trustee objects to this Request in that it calls for a legal conclusion, which the Trustee is not required to provide in response to a Request for Admission.  *See, e.g., Carver v. Bank of N.Y. Mellon*, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *5 (S.D.N.Y. Sep. 25, 2018).  The Trustee further objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on this issue; all relevant facts surrounding the Defendant's agreement with Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any agreement between the Defendant and the Debtor's alter ego, Saraca.   Due to the foregoing, the Trustee is unable to admit or deny this Request.

8

**REQUEST NO. 10**

Admit that Defendant is not a family member, friend or close associate of either the Debtor and/or Saraca.

**RESPONSE:** The Trustee objects to this Request on the ground that it concerns information that is outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on this issue; all relevant facts surrounding the Defendant's relationship with the Debtor or Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of the Defendant's relationship with Saraca.   The Trustee also objects to this Interrogatory on the grounds that it is compound and seeks to circumvent the Avoidance Pretrial Order limiting the Defendants to no more than ten Requests.  Due to the foregoing, the Trustee is unable to admit or deny this Request.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated: March 11, 2026
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
| | : | |
| v. | : | |
| | : | |
| WA & HF LLC, | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

On the date hereof, the foregoing was sent via email to defendant WA & HF LLC's

appearing counsel at: brich@barclaydamon.com.

Dated: March 11, 2026          By: */s/ Patrick R. Linsey*
New Haven, CT                    Patrick R. Linsey (ct29437)

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al*.,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
| | : | |
| v. | : | |
| | : | |
| WA & HF LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHAPTER 11 TRUSTEE'S OBJECTIONS AND RESPONSES TO DEFENDANT**
**WA & HF LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee" or the

"Plaintiff") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), hereby objects and responds to defendant WA & HF LLC's (the "Defendant")

Interrogatories (the "Interrogatories") pursuant to Federal Rule of Civil Procedure 33 as

incorporated by Federal Rule of Bankruptcy Procedure 7033.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## GENERAL OBJECTIONS

1. The Trustee responds to the Interrogatories, including the definitions and instructions referenced therein, subject to the general objections set forth below (the "General Objections," and each a "General Objection"). These limitations and objections, which form a part of the Trustee's response to each individual Interrogatory, are set forth here to avoid the duplication and repetition of restating them for each individual objection and response. The General Objections may also be specifically referred to in the Trustee's objections and responses to certain of the individual Interrogatories for purposes of emphasis and clarity. Failure to make any specific objection to an individual Interrogatory (a "Specific Objection," and collectively, the "Specific Objections"), however, should not be construed as a waiver of any General Objection.

2. The Trustee objects to the Interrogatories to the extent they purport to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure and/or Civil Procedure, and/or the Court's *Order: (A) Granting in Part Chapter 11 Trustee's Motion for Entry of Order Amending Avoidance and Mediation Procedures; and (B) Entering Avoidance Actions Pretrial Order* (Main Case ECF No. 4828) (the "Avoidance Pretrial Order").

3. The Trustee objects to each instruction, definition, and Interrogatory to the extent it assumes or implies the existence of facts or circumstances that do not or did not exist, or states or assumes any legal conclusion. Nothing contained in these responses and objections, nor the production of any information, shall be deemed to be an admission, concession, or waiver by the Trustee as to any question of fact or law at issue in the above-captioned adversary proceeding

(the "<u>Adversary Proceeding</u>") or any contested matter or (other) adversary proceeding in these Chapter 11 Cases.

4.      The Trustee objects to the Interrogatories to the extent they are not relevant to any party's claim or defense or proportional to the needs of the Adversary Proceeding.

5.      The Trustee objects to the Interrogatories to the extent they are duplicative or seek information and/or knowledge not in the custody, possession, or control of the Trustee.

6.      The Trustee objects to the Interrogatories as unduly burdensome, duplicative, and disproportionate to the needs of the Adversary Proceeding in light of, among other things, other pending litigation related to the Debtor's chapter 11 case, other discovery requested by the Defendant, and the production already made by the Trustee through the online discovery database.

7.      The Trustee objects to the Interrogatories to the extent they seek information and knowledge not required to be disclosed, including information and knowledge protected by the attorney-client privilege, the attorney work product doctrine (including as pertains to any investigations undertaken by the Trustee), or any other applicable privilege or immunity.

8.      The Trustee objects to the Interrogatories to the extent they call for the production of publicly available information and knowledge, information and knowledge already in the custody, possession, or control of the Defendant, or information otherwise equally or more readily available from other parties and/or other sources to which the Defendant has access.

9.      The Trustee objects to the Interrogatories to the extent they seek information and knowledge outside of the Trustee's possession or control, or purport to ask the Trustee to identify individuals or facts not presently known to the Trustee.

10.     The Trustee objects to the Interrogatories to the extent they are redundant or duplicative.  Where information or knowledge may be responsive to more than one Interrogatory, the Trustee will provide that information or knowledge only once.

11.     The Trustee objects to the Interrogatories to the extent that, by interposing compound Interrogatories and/or Interrogatories with subparts, the Defendant has purported to serve more than 10 interrogatories.  *See* Avoidance Pretrial Order at section V(B)(2)(b).

12.     The Trustee objects to the Interrogatories to the extent that they are premature in that the Trustee has not yet obtained document production or other discovery responses from the Defendant as to various matters the Trustee is investigating through discovery in this Adversary Proceeding (including, without limitation, affirmative defenses asserted by the Defendant as to which the Defendant bears the burden of proof).

**SPECIFIC RESPONSES**

The responses set forth below are based upon information currently available and the Trustee reserves the right to supplement, amend, or correct these responses in light of information later obtained through discovery or otherwise.  Subject to and without waiver of the foregoing General Objections, the Trustee responds and objects to the individual Interrogatories as follows:

**INTERROGATORY RESPONSES**

**INTERROGATORY NO. 1**

Please identify the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that you may use to support your claims against the Defendant WA & HF LLC (note that this request excludes information with respect to knowledge of the claims against the Debtor generally), unless the use would be solely for impeachment.

**RESPONSE**

In addition to the General Objections, the Trustee objects to this Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant. The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control. Individuals likely to have discoverable information about the transfers at issue (to the extent known to the Trustee) are those who appear on documents relating to the transfers, including documents the Trustee produced to the Defendant in the database pursuant to his discovery obligations. Because the database is comprised entirely of productions made by third parties, the Trustee has no independent knowledge of the documents, the relevant facts contained in those documents, or the identity of individuals who appear on those documents. Accordingly, it is at minimum no more burdensome for the Defendant to identify the identity and contact information of individuals with discoverable information from the applicable documents.

The Trustee further objects on the ground that the Interrogatory is premature because discovery in this action is ongoing. The Trustee reserves the right to amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

Subject to and without waiving his General and Specific Objections, the Trustee responds, based on his knowledge to date, that the following individuals likely have discoverable information about the transfers at issue in this avoidance action:

Max Krasner
c/o Law Offices of Ronald I. Chorches
82 Wolcott Hill Road – 2nd Floor Suite 2
Wethersfield, CT 06109
860-563-3955

Yanping "Yvette" Wang
Inmate Number: 49116-510
11070 Highway 14
Aliceville, AL 35442
205-373-5000

## INTERROGATORY NO. 2

Please identify and/or state the specific factual basis as to how the Debtor was able to "benefit from his fraud" by Saraca providing compensation to WA & HF in 2019 and 2020.

## RESPONSE

In addition to the General Objections, the Trustee objects to this Interrogatory to the extent it seeks information outside of the Trustee's custody, possession, or control. The Trustee further objects on the ground that the Interrogatory is premature because discovery in this action is ongoing. The Trustee reserves the right to amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

Subject to and without waiving his General and Specific Objections, the Trustee directs the Defendant to the Complaint. Saraca is among the numerous alter ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors. The transfers at issue here were made through Saraca so that the Debtor could continue using Saraca as part of a complex shell game that allowed the Debtor to conceal and dissipate millions of dollars in assets from his many creditors, including funds obtained from victims of the Debtor's various fraudulent schemes.

## INTERROGATORY NO. 3

Please identify and/or state the factual basis for your claim that the Debtor was "insolvent or undercapitalized" at the time of the transfers identified in Schedule A of your complaint, including but not limited to the first date upon which the Debtor became so.

**RESPONSE**

In addition to the General Objections, the Trustee objects to this Interrogatory as premature to the extent it seeks information that calls for expert testimony.  The Trustee also objects to this Interrogatory as premature because discovery in this action, including the Trustee's investigation into the Debtor's solvency, is ongoing.  The Trustee reserves the right to amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

Subject to and without waiving his General and Specific Objections, the Trustee responds, based on his knowledge to date, that the Debtor has repeatedly represented under oath that he was insolvent at all relevant times.

**INTERROGATORY NO. 4**

Please identify in detail the factual investigation, if any, that was conducted in this case prior to brining this claim against this Defendant.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.  The Trustee also objects to this Interrogatory on the grounds that it is vague, ambiguous, and unintelligible.  The Trustee also objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to admissible evidence.

Based on these objections and the General Objections above, the Trustee will not respond to this Interrogatory other than by stating that he has conducted an extensive investigation of the Debtors' assets and affairs, as reflected by the public record in this Chapter 11 Case.

**INTERROGATORY NO. 5**

Please identify any and all factual information reflecting, pertaining to, or in any way bearing on the relationship of the Defendant to the Debtor or Saraca.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant. The Trustee objects to the Interrogatory on the grounds that it is compound and seeks to circumvent the Court's Avoidance Pretrial Order limiting the Defendant to no more than ten interrogatories. The Trustee also specifically objects to the term "relationship" as vague and ambiguous.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control. All relevant facts surrounding the Defendant's relationship to the Debtor and Saraca are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery. The Trustee has no independent knowledge of the Defendant's relationship to the Debtor or Saraca outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.

Based on these objections and the General Objections above, the Trustee accordingly refers the Defendant in response to this Interrogatory to the documents in the database, the facts set forth in the Trustee's complaint in Adv. Proc. No. 24-05249 (Dkt. 1), as well as to the Defendant's own documents and records.

**INTERROGATORY NO. 6**

Please identify any and all factual information, including by name, date and description/bates number of document if applicable, reflecting that the alleged transfers subject of this case were not provided for value.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant.  The Trustee objects to the Interrogatory on the grounds that it is compound and seeks to circumvent the Court's Avoidance Pretrial Order limiting the Defendant to no more than ten interrogatories.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on these issues; all relevant facts relating to the transfers that the Defendant received, including any value that the Defendant purportedly provided in exchange for the transfers, are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any purported value provided by the Defendant outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.

Based on these objections and the General Objections above, the Trustee accordingly refers the Defendant to the documents in the database, as well as its own documents and records in response to this Interrogatory.

**INTERROGATORY NO. 7**

Please identify any and all factual information, including by name, date and description of document if applicable, reflecting that the alleged transfers were made for any improper purpose.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant.  The Trustee objects to the Interrogatory on the grounds that it is compound and seeks to circumvent the Court's Avoidance Pretrial Order limiting Defendant to no more than ten interrogatories.  The Trustee also specifically objects to the term "improper purpose" as vague and ambiguous.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control.  All relevant facts relating to the transfers that the Defendant received are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of the transfers outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.

Based on these objections and the General Objections above, the Trustee accordingly refers the Defendant to the documents in the database, as well as its own documents and records in response to this Interrogatory.

**INTERROGATORY NO. 8**

Please identify any and all factual information pertaining to, supporting or in any way bearing upon any claim that Defendant did not perform the services referenced under the terms of the Agreement.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant.  The Trustee also specifically objects to the term "services" as vague and ambiguous.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on these issues; all relevant facts relating to any services the Defendant purportedly provided, including any agreement that the Defendant entered into, are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any services that Defendant purportedly provided or any agreements that Defendant entered into outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.

Based on these objections and the General Objections above, the Trustee accordingly refers the Defendant to the documents in the database, as well as its own documents and records in response to this Interrogatory.

**INTERROGATORY NO. 9**

Please state whether it is your contention in this case that Defendant is not entitled to be compensated for any services rendered under the terms of the Agreement.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or

less expensive, and equally or more available to the Defendant.  The Trustee further objects on the ground that the Interrogatory is premature because discovery in this action is ongoing.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control.  The Defendant bears the burden on these issues; all relevant facts relating to any services the Defendant purportedly provided, including any agreement that the Defendant entered into, are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery.  The Trustee has no independent knowledge of any services that Defendant purportedly provided or any agreements that Defendant entered into outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.  Finally, the Trustee objects that this Interrogatory is argumentative and irrelevant to the claims at issue in this Adversary Proceeding. For the avoidance of doubt, the Trustee contends that the Defendant is not entitled to retain actual intent fraudulent transfers, unless the Defendant can satisfy its burden to establish a lawful affirmative defense.

**INTERROGATORY NO. 10**

Please state whether Saraca received the software development services referenced within the Agreement.

**RESPONSE**

In addition to the General Objections, the Trustee objects to the Interrogatory to the extent it seeks information available through other means that are more convenient, less burdensome, or less expensive, and equally or more available to the Defendant.  The Trustee further objects on the ground that the Interrogatory is premature because discovery in this action is ongoing.  The Trustee also specifically objects to the term "software development services" as vague and ambiguous.

The Trustee further objects that this Interrogatory seeks information outside of the Trustee's custody, possession, or control. The Defendant bears the burden on these issues; all relevant facts relating to any services the Defendant purportedly provided, including any agreement that the Defendant entered into, are unquestionably within the Defendant's control, and the Trustee is accordingly exploring these issues in discovery. The Trustee has no independent knowledge of any services that Defendant purportedly provided or any agreements that Defendant entered into outside of documents produced by third parties and provided to the Defendant in the database, which the Defendant is equally able to search and review.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated: March 11, 2026
    New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
|  | : |  |
| v. | : |  |
|  | : |  |
| WA & HF LLC, | : |  |
|  | : |  |
| Defendant. | : |  |

**CERTIFICATE OF SERVICE**

On the date hereof, the foregoing was sent via email to defendant WA & HF LLC's

appearing counsel at: brich@barclaydamon.com.

Dated: March 11, 2026                    By: */s/ Patrick R. Linsey*
          New Haven, CT                             Patrick R. Linsey (ct29437)

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# Exhibit D

# BARCLAY DAMON LLP

**Brian D. Rich**
*Partner*

March 18, 2026

**VIA ELECTRONIC MAIL**
Patrick R. Linsey, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510

> *Re:* *Despins v. WA &HF LLC; Case No. 22-50073 (JAM)*

Dear Attorney Linsey:

As you know, I represent the Defendant, WA & HF LLC, in the Adversary Proceeding referenced above.  I write this correspondence to address the various deficiencies in the Trustee's Objections and Responses to Defendants' First Set of Interrogatories and Requests to Admit dated March 11, 2026 and in anticipation of our meet and confer scheduled for Friday, March 20, 2026 at 10 a.m.  Note that this correspondence is without limitation or restriction to expand, clarify or supplement the areas of deficiency as required in the future.

Before turning to the problems with specific requests, I note that the Trustee appears to confuse his general attempts to pursue relief against the Debtor with his commencement of an Adversary Proceeding against *this* Defendant.  These two pursuits, of course, are not the same. Moreover, this apparent confusion aside, there are at least three overarching problems with the Trustee's objections and responses; 1)they rely on some version of the children's game of "go fish; 2)they fail to come to terms with the fact that the Trustee's attempt to claim that the Defendant is in possession of the information necessary to support *the Trustee's* claim, while interesting, does not excuse his ability to provide the information which is presumably within his possession pertaining to this matter and, finally, 3)they appear, whether by design or inadvertence, to suggest that the Trustee had no obligation to review this matter in good faith *before* filing this lawsuit, an assertion which flatly contradicts governing law.  See, e.g., Federal Rule of Civil Procedure 11.   These themes appear to run through the Trustee's objections and responses to the individual requests.

## INTERROGATORIES

### Interrogatory No. 1

555 Long Wharf Drive – Sixth Floor - New Haven, Connecticut 06511  barclaydamon.com
BRich@barclaydamon.com  Direct: (203) 672-2670  Fax: (203) 951-3236

50287966.1

March 18, 2025
Page 2

Various responses to the Interrogatories suggest that it "is no more burdensome for the Defendant" to identify information based on the trustee's production of well over a terabyte of document production in the Debtor's bankruptcy proceeding.  This is the litigation equivalent of the Trustee directing the Defendant to find a particular fish contemplated by the trustee because both parties have access to the ocean.  I need not remind you that the Trustee has commenced litigation against my client, a process which, I hope and presume, commenced based on some exercise of reasonable due diligence and in good faith.  That due diligence, at minimum, would suggest, for example, that the trustee would be able to identify individuals with knowledge of discoverable information, rather than have the Defendant guess as to who those people might be, as your objections to Interrogatory 1 appear to suggest.  Even if the Defendant were under some obligation to comb through the millions of pages of documents in the Trustee's "data room" in this case, there is no obligation of the Defendant to conjecture as to what significance the Trustee might attempt to glean from such a document to support its case, much less to speculate as to whether the Trustee might rely on some undisclosed witness to testify as to the document.  Moreover, this request, like the remainder of the requests, does not request information "outside of the Trustee's custody, possession or control."  A party, of course, has no ability to obtain in discovery what an adversary does not have, so if the trustee does not have responsive information, he should simply state that fact.  Please answer the request.

**Interrogatory No. 2**

The Trustee's response to this Interrogatory is wholly unresponsive to this request. Rather than provide a proper response, the Trustee simply regurgitates the blunderbuss approach which otherwise characterizes the litigation overall to state the general conducted alleged against Saraca; it does not respond to the specific interrogatory to state how the Debtor was "able to 'benefit from his fraud' by Saraca providing compensation *to WA & HF* in 2019 and 2010." Please answer the request.  Please also note referring the Defendant to the Plaintiff's complaint is wholly inadequate, as the request asks that the "specific factual basis" be identified, a factual basis lacking within the Trustee's complaint.  Please provide a proper response.

**Interrogatory No. 3**

First, the Trustee's claim that the request is premature is without merit. Presumably, the Trustee had some factual basis to assess the Debtor's insolvency when it filed this case and relied upon some good faith basis to make this claim.  Moreover, the limited response given states that the Debtor has represented under oath that he was insolvent "at all relevant times," without identifying what those times are alleged to be, any identification of the Debtor's testimony in this regard, or any specification of where that testimony might be located.  This case concerns transfers beginning in 2019.  If the trustee alleges that the Debtor was insolvent at those times, he should identify the specific basis for this claim, rather than relying on generalities.  Please provide a proper response.

**Interrogatory No. 4.**

March 18, 2025
Page 3

The Trustee's assertion that his factual investigation into this case is irrelevant is without merit. The Defendant is entitled to know the basis upon which the trustee brought this suit and certainly is not constrained to accept the Trustee's generalized indication that he has conducted an "extensive investigation." Moreover, if there is something within the "public record" related to this Defendant, the Trustee should identify or provide it. Otherwise, the Trustee's generalized statements about its investigation of the Debtor fails to answer the question relating to the factual investigation into *this* case against *this* Defendant. Please provide a compliant response.

### Interrogatory No. 5

Again, the Trustee makes the fallacious claim that compliance may be excused because the Defendant has knowledge of its relationship with Saraca. The Defendant, however, is entitled to know what information the Trustee has-or thinks he has-in this regard, particularly insofar as the Trustee has filed a lawsuit on some pretext against my client. Similarly, the Trustee's "go fish" approach to finding documents in this regard in the database fails to account for the Trustee's obligation to inform the Defendant of what he intends to rely on for the purpose of proving his claims in this case and fails, in any event to comply with Rule 33 of the Federal Rules requiring that the party identify in *sufficient detail* to identify the records. Moreover, if the Trustee believes that there are "facts" in another Adversary Complaint (referenced as A.P. 24-05249) relating to this Defendant, the Trustee is obligated to state what they are, rather than rely on a generalized citation. Moreover, nothing about the request is compound; please withdraw that objection and confirm that responsive information is not being withheld pursuant to it.

### Interrogatories No. 6, 7 and 8 and 10.

The Trustee's response to these requests lacks even the pretense of sufficiency. First, if Defendant was looking for its own information, it would not have propounded a request to the Plaintiff, rendering the Trustee's response referring to the Defendant's "own documents and records" as absurd, at very best. Similarly, contrary to the Trustee's suggestion, the Trustee's repeated invitation for the Defendant to "fish" through a database of *his* creation is without merit. See, e.g., FRCP Rule 33. Moreover, nothing about any of these requests is compound; please withdraw that objection and confirm that responsive information is not being withheld pursuant to it. Presumably, the Trustee relied upon some factual information in connection with commencing this litigation; please share what that information might be.

### Interrogatory No. 9

This interrogatory is neither argumentative nor irrelevant; it merely requests whether it is the trustee's contention whether the services subject of the agreement were received. Given the Trustee's claims that Saraca was an alter ego of the debtor and his role in stepping into the debtor's shoes, it defies credulity to believe that the trustee objects to this request. Regardless,

March 18, 2025
Page 4

the Trustee's limited response does not answer the question; is it, or is it not, the Trustee's contention that the Defendant is not entitled be compensated for any services rendered under the Agreement?

**Interrogatory No. 10**

In addition to the comments noted above, the query directed to the Trustee is whether Saraca received the software development services referenced within the Agreement. Presumably, the trustee made some pretense of factual investigation to determine whether this was the case prior to commencing this proceeding, given its obvious relevance to the issues. The Trustee takes the extraordinary position that, because of its belief that the "Defendant bears the burden on these issues," it should not have to answer the question. To the extent that you have authority for the proposition that the propriety of discovery is governed by whoever bears the burden of proof, please provide it immediately. Similarly, the reference to "go fishing" in the database is untenable for all of the reasons referenced above, including under Rule 33, as is the suggestion that responsive information can be withheld because the request is "premature" given its centrality to the litigation, including the Trustee's commencement of the same.

**REQUESTS TO ADMIT**

As you know, Federal Rule 36(a)(4) requires, inter alia, that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny**."(**emphasis added**). The Trustee's responses fail this basic requirement of the rule.

**Request Nos. 1, 2 and 3**
The Trustee's response to these requests are woefully insufficient. If the Trustee has a basis to dispute the information subject of these requests, including the agreement attached with regard to Request No. 1, he should state it. If not, the Trustee should admit the requests. Regardless, the Trustee should state and describe whatever inquiry he conducted in responding to these requests. Please do so.

**Request No. 5**
The entirety of the above with respect to Request Nos. 1, 2 and 3 is incorporated with regard to Request No. 5. Moreover, in pleadings filed in this case, the Trustee specifically referenced his knowledge of the referenced litigation, clearly indicating that he has conducted some level of inquiry. Please respond to the request in full.

50287966.1

March 18, 2025
Page 5

### Request No. 6

Asking the Trustee whether the Defendant is entitled to be compensated for any services rendered under the terms of the Agreement is not calling for a legal conclusion. Similarly, the Trustee's reference to the burden of proof is irrelevant to any analysis as to the proper scope of discovery, nor does the response describe, on any level, any inquiry conducted by the Trustee. Please answer the request.

### Request No. 7

Please admit or deny the request, without qualifiers, for all of the reasons expressed in the foregoing.

### Request No. 9

Requesting whether the agreement requires payments greater than the amount of the transfers sought for recovery does not call for a legal conclusion. The trustee fails to offer any applicable legal authority supporting that proposition, nor can it. Please answer the question.

### Request No. 10

For all of the reasons referenced above, the Trustee's response to this Request is also woefully insufficient, as is the notion that the request is compound because it contains multiple nouns. Please identify the inquiry made by the Trustee in responding to this request and answer the request accordingly.

I look forward to participating in a meaningful good faith meet and confer to cure these deficiencies on Friday.

Very truly yours,

/s/ Brian D. Rich

50287966.1

# Exhibit E

# BARCLAY DAMON LLP

**Brian D. Rich**
*Partner*

April 1, 2026

**VIA ELECTRONIC MAIL**
Patrick R. Linsey, Esq.
Alexander Lee, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510

> *Re:     Despins v. WA &HF LLC; Adversary Proceeding No. 24-05246*

Dear Counsel:

I write in anticipation of our second meet and confer scheduled for April 2, 2026, at 2:30 p.m. and more specifically in response to the "Issues List" that your office circulated in advance of our prior meet and confer.

In the first instance, the Trustee's arbitrary and selective imposition of purported "requirements" of what the Defendant is supposed to do with regard to the meet and confer is inappropriate, particularly insofar as your "list" imposes requirements foreign to the federal rules. Certainly, to the extent that the requests constitute an improper second set of discovery, Defendant specifically objects. Notwithstanding that objection and in a good faith effort to resolve what appear to be significant disputes in this case, my client has authorized me to endeavor to provide further responsive information.

As referenced in our telephone conversation and in prior pleadings and communications pertaining to this case, my client had a contractual relationship with Saraca. I have confirmed with my client that the individuals from WA & HF LLC involved with that relationship were Ruizheng An, Ben Zhang (the CTO) and Sherry Duan (an administrative assistant who left the company in 2024). Ms. Duan had only a superficial knowledge that there was a relationship with the company and was not involved in any communications with Saraca. Communications with Saraca were made exclusively by either Messieurs An or Zhang through the gmail account identified in our document production or the "What's App," as also referenced and produced in our document production. My client did not communicate with Saraca through a corporate email server or use a "corporate" email address. However, to satisfy any alleged concerns, my client searched both that gmail account for the terms below, as well as the company's email server for any information otherwise potentially responsive, and has produced responsive information:

555 Long Wharf Drive – Sixth Floor - New Haven, Connecticut 06511  barclaydamon.com
BRich@barclaydamon.com  Direct: (203) 672-2670  Fax: (203) 951-3236

50287966.1

April 1, 2026
Page 2

- gtv
- gtv project
- saraca
- gtv punch list
- gtv agreement
- Hoicho Ming
- gtv testing
- Saraca media

As you can see from our document production, my client produced all of the available information it has relevant to the matters of your complaint subject, of course, to the various other objections we have asserted in this case. This is not a document intensive case nor are the remainder of your requests, to the extent that they bear any relevance or are suitable for discovery, proportionate to the needs of this litigation under the circumstances. Accordingly, we believe that we have fully satisfied any and all appropriate requests. In response to your specific request relating to Production Request No. 9, however, I am providing redacted account information reflecting the receipt of the payments from Saraca.

The vast majority of the remainder of the Trustee's "issues" identified in its prior list appear to result from a fundamental misunderstanding as to what is in issue in this case. My client does not intend to litigate the Trustee's case against Mr. Kwok. Rather, this case alleges four fraudulent transfers involving a single alter ego defendant, Saraca Media Group, Inc. To the extent that the Trustee wishes to litigate the various alleged misdeeds of Mr. Kwok with other parties, different alter egos, or different transfers, it should do so in the appropriate forum, but we intend to defend against the claims pled. Accordingly, discovery is, and should be, subject to the issues reasonably related to those claims and defenses, which the Trustee's present attempts do not appear to confine itself to. In that regard, please see the Defendant's Answers and Objections to each of the requests as served for a more complete response.

Finally, in our prior meet and confer, you appeared to suggest that the Trustee has brought this litigation against my client solely because it did business with the alleged alter ego, Saraca, and that the Trustee had no specific identifiable information or documentation to support a finding of liability against my client apart from its generalized allegations relating to the activities of Mr. Kwok. The Trustee's objections and responses, however, do not state that to be the case; instead, they invite the Defendant to wade through hundreds of thousands of pages of materials to identify information that the Trustee suggests it has relative to my client's liability in this matter. If there is such documentation, please properly identify it. If there is not, please state that. I note that the Trustee has also denied the Fourth Request to Admit; *i.e.,* that it has "no documentation supporting any allegation that Defendant's acceptance of the payments was not in good faith and/or not for value." The Defendant should not have to litigate a game of "blind man's bluff" to identify the information that the Trustee thinks it has relative to this case. Please comply with the relevant requests.

April 1, 2026
Page 3

Similarly, as outlined in my prior correspondence, the Trustee's responses to multiple Requests to Admit with a slightly dressed up version of "I don't know" fails to meet the standard for complying with the rule insofar as these responses fail to identify the "reasonable inquiry" required under FRCP 36.  Please amend those responses accordingly.

I look forward to participating in a meaningful good faith meet and confer to cure these deficiencies on Friday.  Please note, however, that, contrary to the Trustee's claim in our call, we reserve the right to bring these issues to the attention of the Court if and when those efforts fail, not on the terms that the Trustee arbitrarily seeks to enforce.

Very truly yours,


/s/ Brian D. Rich

cc:      Enclosures


50287966.1

# Exhibit F

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
| | : | |
| v. | : | |
| | : | |
| WA & HF LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHAPTER 11 TRUSTEE'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT WA & HF LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee" or the

"Plaintiff") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), hereby supplements his responses (the "First R&Os") to defendant WA & HF LLC's

(the "Defendant") First Set of Interrogatories (the "Interrogatories") pursuant to Federal Rule of

Civil Procedure 26(e) as incorporated by Federal Rule of Bankruptcy Procedure 7026 as follows:

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**INTERROGATORY NO. 1**

Please identify the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that you may use to support your claims against the Defendant WA & HF LLC (note that this request excludes information with respect to knowledge of the claims against the Debtor generally), unless the use would be solely for impeachment.

**RESPONSE**

The Trustee incorporates by reference the General and Specific Objections in the first R&Os.  Subject to and without waiving those objections, the Trustee supplements his initial response with the following individuals who are likely to have discoverable information about the transfers at issue in this avoidance action:

(1) The Debtor, c/o Zeisler & Zeisler, P.C., 10 Middle Street, 15th Floor, Bridgeport, CT 06604; skindseth@zeislaw.com;

(2) Qiang Guo, 5 Princes Gate, Flat 6, London, SW7 1QJ, United Kingdom;

(3) Han Chunguang, 920 Belmont Ave., Apt. 3104, North Haledon, NJ 07509;

(4) Anthony DiBattista, 45 Park Hill Drive, Hopewell Junction, NY 12533; dibatac@gmail.com; and

(5) Jennifer Mercurio

The Trustee reserves the right to further amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

**INTERROGATORY NO. 3**

Please identify and/or state the factual basis for your claim that the Debtor was "insolvent or undercapitalized" at the time of the transfers identified in Schedule A of your complaint, including but not limited to the first date upon which the Debtor became so.

**RESPONSE**

The Trustee incorporates by reference the General and Specific Objections in the first R&Os.  The Trustee also objects to this Interrogatory to the extent that it seeks information that is not relevant to any party's claims or defenses.  Subject to and without waiving those objections, the Trustee supplements his initial response by referring the Defendant to the following:

(1) The Debtor's Statement of Financial Affairs, Main Case ECF No. 77;

(2) The Debtor's Official Form 106A/B, Main Case ECF No. 78;

(3) The Debtor's March 20, 2022 Declaration, Main Case ECF No. 107;

(4) March 10, 2025 Letter, *United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT), Dkt. No. 499; and

(5) May 1, 2025 Letter, *United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT), Dkt. No. 700)

The Trustee reserves the right to further amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

**INTERROGATORY NO. 5**

Please identify any and all factual information reflecting, pertaining to, or in any way bearing on the relationship of the Defendant to the Debtor or Saraca.

**RESPONSE**

The Trustee incorporates by reference the General and Specific Objections in the first R&Os. Subject to and without waiving those objections, the Trustee supplements his initial response by referring the Defendant to the facts set forth in the Trustee's complaint in Adv. Proc. No. 24-05249

(Dkt. 1) at ¶¶ 5(a), 75, 78-86, 118, 126, and the Trustee's Responses and Objections to the discovery requests jointly propounded by defendants to the Trustee's avoidance claims addressing the Trustee's alter ego and equitable ownership claims as to Saraca pursuant to the Court's Pretrial Order governing avoidance claims [Main Case ECF No. 4828], which Responses and Objections are due April 30, 2026.

The Trustee reserves the right to further amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

**INTERROGATORY NO. 7**

Please identify any and all factual information, including by name, date and description of document if applicable, reflecting that the alleged transfers were made for any improper purpose.

**RESPONSE**

The Trustee incorporates by reference the General and Specific Objections in the first R&Os. Subject to and without waiving those objections, the Trustee supplements his initial response by referring the Defendant to the facts set forth in the Trustee's complaint in Adv. Proc. No. 24-05249 (Dkt. 1) at ¶¶ 5(a), 75, 78-86, 118, 126, and the Trustee's Responses and Objections to the discovery requests circulated in *Despins v. ACA Capital Group Ltd., et. al.*, Adv. Proc. No. 24-05249, which will be issued on April 30, 2026.

The Trustee reserves the right to further amend, supplement, and/or correct his response to this Interrogatory as additional information becomes available to the Trustee during the course of his discovery and investigation.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated: April 10, 2026
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 24-05246 |
| | : | |
| v. | : | |
| | : | |
| WA & HF LLC, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

On the date hereof, the foregoing was sent via email to defendant WA & HF LLC's

appearing counsel at: brich@barclaydamon.com.

Dated: April 10, 2026         By: */s/ Patrick R. Linsey*
      New Haven, CT          Patrick R. Linsey (ct29437)

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases)(last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).