## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.,'* | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 24-05246 (JAM) |
| v . | |
| WA & HF LLC, | |
| Defendant. | |

## DEFENDANT'S REPLY TO TRUSTEE'S OBJECTION TO MOTION TO COMPEL AND OBJECTION TO CROSS-MOTION TO COMPEL (ECF 46)

Fundamentally, the subject of the Defendant's Motion to Compel seeks the answer to a very basic question; does the Trustee possess any information to support *his* claim in this case that *he* brought?  While this would not seem to be a controversial request, the Trustee's Opposition suggests a deep discomfort, if not outright refusal, to answer this very basic question.  More colloquially put, the Trustee forgets that *he* is the plaintiff.

Rather, the Trustee concedes that he has no "independent knowledge" regarding the transfers or related events" subject of this Adversary Proceeding, See ECF No. 46 ("Objection"), p. 2, and posits that "any information" the Trustee has is in documents "obtained from third parties." *Id.*  One could reasonably surmise from these statements that a)there *is* information and

50745506.1

b)the Trustee knows what it is.[1]  The response to the former is unclear, but the Trustee's brazen refusal to acknowledge any duty as the party plaintiff to respond to the latter and instead to tell the Defendant to "go fish"[2] should be the source of alarm, particularly insofar as a trial is expected in this case this year.

## I.       *Background*

As the Court is now aware, this Adversary Proceeding was commenced over two years ago, on February 15, 2024.  See Doc 1.  The Complaint has *never* been amended.  While the vast majority of the complaint consists of boilerplate allegations common to the legions of Adversary Defendants sued by the Trustee, the Trustee's allegations specific to *this* Defendant consist of four transfers identified in Schedule A relating to a single alter ego, Saraca Media Group, Inc. ("Saraca").  The parties have corresponded and litigated this case on the basis of *these* transfers. Yet, the Trustee appears to take the creative position that, by virtue of utilizing the words "…including, without limitation," he is entitled to expand, multiply or change his claims at his whim, notwithstanding that the Court has set trial dates in these cases to commence in less than six months' time.  Compounding the hubris in this assertion, the Trustee does not actually identify what other "transfers" he may, or may not, be contemplating.  In short, the Trustee's claims themselves are now a moving target.

Compounding the Trustee's inability to litigate the claims he has pled, he then takes a further distorted view of the discovery process, reasoning, in effect, that because whatever basis for his claims is not from his own "independent" knowledge, he has no duty either to articulate

---

[1] As articulated during the parties' meet and confer, if he does not have the answer, there is a deeper issue.

[2] The notion that the database contains "folders" with information responsive to these requests (Opposition, p. 6) demonstrates any ignorance of the database and its search capab*ilities*.  More importantly, the Trustee is less than clear that the responsive information to any individual request is even confined to these purported "folders."

50745506.1

what it is, or provide it.  Simply put, this is not how discovery works.  Moreover, the notion that the Trustee has no duty to cooperate in the discovery process and can rely on a simple "I don't know" is without merit.

### II.     *The Motion to Compel Should be Granted.*

### A.     **The Trustee's Responses to the Requests to Admit are Improper.**

Apart from dismissing Defendant's argument as "meritless," the Trustee provides no meaningful opposition to support his (unsupportable) statement that "…the Trustee's responses reflect that the Trustee has made reasonable inquiries into all of the Defendant's RFAs…"  See Opposition, p. 8.  The Trustee also ignores the pertinent provisions of Rule 36, to wit, that the "answering party" may assert lack of knowledge or information….only if the party states that it has made reasonable inquiry *and that the information it knows or can readily obtain is insufficient to enable it to admit or deny*."  See Federal Rule 36(a)(4)(*emphasis added*).  The Trustee fails to satisfy either element of this rule; he fails to state that he has made any reasonable inquiry while simultaneously acknowledging that the information is readily obtainable (*i.e.*, somewhere in the database), but that he has no obligation actually identify what it is.  The Trustee makes no attempt to reconcile his position with this basic reality of Rule 36.[3]

In fact, any serious review of the Trustee's admissions that, far from conducting this inquiry, the Trustee's response to each of the admissions is, in effect, that despite being the Plaintiff in this case, he cannot answer the questions because he has no "independent knowledge."  See, generally, ECF No. 45; Exhibit B  He then pivots by citing to a prior order of this Court for the

---

[3] Pursuant to the Court's April 22, 2026 Amended Avoidance Actions Pretrial Order, the Defendant also served draft Production Requests on the Trustee seeking the documents responsive to these Interrogatories on May 15, 2026.  The Trustee has been silent on these requests to date, notwithstanding a a request for such a response by May 20, 2026.  The Defendant reserves all rights, but notes that the resolution of the instant motion may possibly resolve many of the issues subject of the instant motion.

50745506.1

proposition that "…the Trustee does not and cannot provide representations as to the accuracy or authenticity of documents in the Database," Objection, p. 9, without recognizing that the referenced document was provided with the Requests, not pulled from that "Database." *Id*., Request Nos. 1, 2.

Instead, in a statement borne either of ignorance or of contempt for his own obligations in this case, the Trustee asserts the extraordinary; he is not "…required to sift, investigate, and draw conclusions from third-party documents the Trustee has not authenticated without the benefit of having conducted his own discovery." See Objection, p. 10. Left unsaid in this remarkable assertion is the Trustee's implicit assertion that the ***Defendant*** is required to "sift, investigate, and draw conclusions" from the documents that the Trustee has asserted *might* support his claims to defend itself in this case. Given the volume of this third party information, this elevates the traditional game of "blind man's bluff" to unprecedented heights. Who but the Plaintiff *is* required to "sift, investigate and draw conclusions" regarding *his* claims?

**B.**     **The Trustee's Responses to Interrogatories are Similarly Improper.**

In arguing against compliance with the Defendant's interrogatories, the Trustee again argues that he has no obligation to respond to interrogatories because he has "no obligation" to engage in "…reviewing millions of pages from hundreds of thousands of third-party documents to answer the Defendant's interrogatories, particularly where those interrogatories primarily concern the Defendant's asserted defenses." See Objection, p. 13 (internal citations omitted). For all of the foregoing reasons, this position is without merit.

Second, the Trustee has erroneously contended that the "fact" that the Interrogatories seek information pertaining to the Defendant's defenses renders them unanswerable is also without foundation. First, a review of the interrogatories reveals that the interrogatories are not limited to

50745506.1

defenses.  Second, even if that was true, the Trustee contorts the fact that the Trustee *is* under a duty to provide the information relative to *his* claims or in support of his response to the defenses asserted by the Defendant; *i.e.,* the undersigned is unaware of any legal authority for the proposition that discovery can be withheld simply because it may be relevant to a defense, rather than a claim .  The Trustee's citation to factually distinguishable caselaw regarding the effect of reviewing third party discovery ignores the reality *in this case* that, according to the Trustee himself, this is the only information in his possession relative to his claims.  For these, and other reasons, each of the Trustee's objections are not viable, as detailed below:

1.   **The Trustee's Response to Interrogatory No. 2 is Unavailing.**

This case is a lawsuit by the Trustee against a single defendant over four alleged fraudulent transfers.  It is not, as the Trustee seems to suggest, the litigation of the Trustee's case against the Debtor.  The Defendant's interrogatory was aimed at, and geared toward, *this* case.  The Trustee's "response" generally reciting the allegations against the Debtor are simply not responsive on their face.  Moreover, the Trustee has not provided any authority for the notion that "Answering this interrogatory does not require the Defendant [Trustee] to specifically discuss the Defendant," nor does such an assertion; *i.e*., that the Trustee does not have to answer information regarding his claims in this case, comport with any reasonable interpretation of the Federal Rules.

2.   **The Trustee's Response to Interrogatory 3 is Insufficient.**

*Nowhere* within the Trustee's response to Interrogatory 3, nor in his supplemental response, does the Trustee identify or state the factual basis for the Trustee's claim that the Debtor was insolvent at the time of the transfers identified in Schedule A, or the date upon which the Debtor first became insolvent, as requested.  Instead, the Trustee cites to five documents, none of which identify that date and instead simply recite a general chronology of events according to the

50745506.1

Debtor.[4]  The interrogatory poses two simple questions; a)is the Trustee claiming that the Debtor was insolvent at the time of the transfers and b)on what date is the Trustee alleging that the Debtor first became insolvent.  If the documents are as responsive to these requests as the Trustee purportedly believes them to be, query why the Trustee cannot simply answer the questions.  The Trustee's failure to provide this information is puzzling and his reference to multiple documents which (at best) do not clearly identify it simply reveals his failure to comply with the Interrogatory.

3.      **The Trustee Misstates the Purpose and Intent of Interrogatory No. 4**

Interrogatory No. 4 requests that the Trustee identify the factual information that was conducted prior to bringing this case.  The interrogatory does not require information relating to how the Trustee chose "…to prepare their case."  It simply seeks the factual basis for bringing this claim, if any.  How the trustee advances the proposition that this is not relevant to the issues in dispute is puzzling.

4.      **The Responses to Interrogatories 5, 6, 8 and 10 are Deficient.**

As with the remainder of his responses, the Trustee's responses to these Interrogatories rest on the notion that he has no obligation to provide any information relative to his claims in this case and can instead simply direct the Defendant to "go fish" in his extensive document production to find the answers.  For all of the reasons previously articulated in the underlying motion and outlined above with response to the Requests to Admit, the Trustee's position is without merit.

5.      **The Trustee's Position as to Interrogatory 7 is Without Merit.**

As with several of its other objections, the Trustee's contention that it can rely on contentions against the Debtor without focusing on this case, is bereft of support.  The

---

[4] The last two of the documents recited, apparently from the criminal case of USA v. Guo (1:23cr118), do not appear to contain any information as to the Debtor's insolvency and are instead letters from Debtor's son.

50745506.1

interrogatory in issue is directed to transfers in *this* case, not the Debtor's "shell game" generally. How is the Defendant to defend itself in this case if it cannot obtain discovery from the Plaintiff?

### 6. The Trustee's Answer to Interrogatory 9 is Non-Responsive.

Interrogatory 9 seeks a simple answer as to whether the Trustee is claiming that the defendant is not entitled be compensated for services rendered under the Agreement. It's difficult to understand how the request is "argumentative" or why the trustee cannot answer this question beyond the convoluted the "Defendant is not entitled to retain actual intent fraudulent transfers" simply, and improperly, evades answering the question.

### III. *The Trustee's Cross-Motion is Without Merit.*

The lack of a single citation to legal authority in the Trustee's motion is not by accident, nor is the paucity of its analysis contained within its (roughly) two page "cross motion." In fact, the notion that the Trustee should be permitted to plead one case, and litigate another, appears to find no support in the law. Ignoring the claims he has pled in this case, against this Defendant, for the transfers he has identified, the Trustee instead chooses to cast the net far beyond, issuing requests for information for the Defendant to determine who is or is not an "Alter Ego Entity" or "Debtor-Associated Entities/Individuals," vaguely defined by language "including but not limited to" dozens of different entities, and, on the express terms of the definitions including "agents, representatives, employees, directors, officers, managers, members, attorneys or other persons acting on behalf." See Opposition and Cross Motion, p. 17; fn. 20. The notion that these requests are limited to some definable universe of people or entities is without merit. The notion that, even if they were otherwise proper, the Defendant could possibly answer them as phrased, is beyond the pale.

50745506.1

Moreover, rather than confront the Defendant's objections and arguments on their face, the Trustee instead creates a fallacious argument that "Defendant's affirmative allegation that Debtor controlled Saraca" somehow creates a nexus to the discovery sought. See Opposition, p. 19. First, the Trustee's assertion is, at very best, misleading to this Court insofar as the quoted text comes from a lawsuit that the Defendant filed a lawsuit against Saraca *after* the alleged fraudulent transfers. *Id.*, see Exh. 1 to Linsey Declaration, at $\pi 5$ (pleading filed April 12, 2021). Moreover, the Trustee's attempt to draw some import in to some of the documents produced **by the Defendant** to expand the scope of his claims, including a misleading allusion to the Defendant serving as a "comrade"[5] of the Debtor, must be rejected. Moreover, the Trustee appears to ignore his own acknowledgement that, whatever assertions were made in May of 2020, the Defendant sued both the Debtor and Saraca three months later.[6]

Instead, as with its refusal to provide the information requested by the Defendant to defend itself in this case, the Trustee appears to take the position that the Defendant should also "figure out" what he may need to prosecute a case *outside* of what he is pled, all without the pretense of any authority for this extraordinary position. The cross-motion must be denied on its face due, in the first instance, to any lack of serious analysis supporting the relief it seeks and, more substantively, because his position is ultimately untenable regardless.

For the foregoing reasons and all of those contained in its underlying Motion to Compel, Movant respectfully requests that this Court enter an Order:

1.      Compelling Respondent to provide verified, complete, and supplemental answers to the Interrogatories and Requests to Admit as identified above within ten (10) days of any ruling on this motion.

---

[5] As the context reflects, the reference to "comrade" had a very specific meaning in the context of the message.
[6] The last transfer subject of this action was made in May of 2020.

50745506.1

2.      Denying the Trustee's Motion to Compel in its entirety;

3.      And granting such other and further relief as the Court deems just and proper, including but not limited to entertaining any award of the Defendants' fees and costs associated with the filing of this motion.

**BARCLAY DAMON LLP**
*Counsel for Defendant, WA & HF LLC*

By:  _/s/ 24458_
Brian D. Rich
555 Long Wharf Drive, Sixth Floor
New Haven, Connecticut 06511
Telephone: (203) 672-2670
Email: brich@barclaydamon.com

50745506.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Connecticut.

*/s/Brian D. Rich*
Brian D. Rich

50745506.1