**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------- x
In re:                              :

HO WAN KWOK, *et al.*,[1]         :

                       Debtors.     :

---------------------------------------------------------- x

LUC A. DESPINS, CHAPTER 11     :
TRUSTEE,                          :

                       Plaintiff,   :
v.                                :

WA & HF LLC,              :

                       Defendant.  :

---------------------------------------------------------- x

Chapter 11

Case No. 22-50073 (JAM)
(Jointly Administered)

Adv. Proceeding No. 24-05246

**TRUSTEE'S REPLY TO DEFENDANT'S OBJECTION**
**TO CROSS-MOTION TO COMPEL**

Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") in the chapter 11 case

(the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel,

hereby responds (the "Reply") to defendant WA & HF LLC's (the "Defendant") objection (ECF

No. 51) (the "Objection") to the Trustee's Cross-Motion to Compel (ECF No. 46) (the "Cross

Motion") by respectfully stating the following:

1.       The Defendant's objections to the Trustee's Cross Motion boil down to one thing:

its persistent refusal to apprehend the substance of the Trustee's claims.  Despite repeated

explanations from the Trustee in meet and confers, in correspondence, and now in motion practice,

the Defendant continues to insist that that the Trustee's claims address a business dispute between

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Defendant and Saraca and thus that discovery is limited to the Defendant's relationship with that entity.[2]  This is simply not true.

2.      The Trustee has brought claims under section 548 of the Bankruptcy Code (as well as sections 273, 274, and 276 of New York's Debtor and Creditor law) to avoid and recover actual intent fraudulent transfers **by the Debtor** to the Defendant.  As the Trustee's Complaint makes clear, this includes transfers through Saraca as well as any transfers made through the Debtor's many other alter egos.  *See* ECF No.1, ¶¶ 27, 33 (the Trustee is seeking to avoid and recover transfers, "including, without limitation," those described in Schedule A and those made through Saraca "or otherwise").   Discovery into these additional transfers is clearly permissible to determine the scope of the Trustee's fraudulent transfer claims against the Defendant.  *See Roth v. Scopia Cap. Mgmt. LP*, 2018 WL 1474382, at *2 (S.D.N.Y. Mar. 23, 2018) (allowing discovery into transactions not specifically identified in complaint where such discovery would allow plaintiff to "uncover the full extent of" or "expand the scope of [the] existing claim," not serve as the basis for a "separate [] claim"); *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 334 (S.D.N.Y. 2009) (fraudulent transfers that are "part of the common scheme or pattern of fraudulent conduct" are not separate and distinct claims) (citation omitted).

3.      The Trustee's request for disclosure regarding additional transfers (through any of the Debtor's alter egos) is hardly speculative.  As the Court is aware, the Debtor routinely fraudulently transferred property to entities and individuals through multiple of his alter egos.  And because the Debtor and his agents largely stonewalled the Trustee's investigation, the Trustee regularly learns about additional transfers to avoidance defendants beyond those specified in his initial complaints.   These transfers fall under the claims that the Trustee has pled, and the

---

[2]    All capitalized terms not expressly defined herein adopt the definitions set forth in the Trustee's Cross Motion.

2

Defendant is not immune from liability simply because the Debtor and his associates surreptitiously conducted the Debtor's fraudulent shell game and concealed his unlawful conduct from the Trustee and the Court.

4.      The Debtor's conduct through his other alter egos and his associates is also relevant as evidence of the Debtor's fraudulent shell game, which establishes the Debtor's fraudulent intent. The Court has recognized as much on numerous occasions, including in denying the Defendant's Pre-Motion Request in this Adversary Proceeding. *See* ECF No. 38, at 3-4 ("The Court agrees with the Trustee that he has pled the necessary badges of fraud to establish the Debtor's actual fraudulent intent. For example, the Trustee alleges: (i) the Debtor made the transfers to WA as part of his 'shell game', and (ii) the purpose of the Debtor's shell game was 'to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors,' including by concealing and dissipating assets obtained from victims of various fraudulent schemes").

5.      Finally, these matters are discoverable because the Defendant has asserted an affirmative defense of good faith and value. *See* ECF No. 40, ¶ 14. This requires the Defendant to demonstrate that it was ***not*** on inquiry notice that the Debtor was transferring his property with the intent to hinder, delay, or defraud his creditors. *See In re Bernard L. Madoff Inv. Sec. LLC*, 12 F. 4th 171, 191 (2d Cir. 2021) (transferee is not in good faith if "the facts the transferee knew would have led a reasonable person in the transferee's position to conduct further inquiry into a debtor-transferor's possible fraud . . ." and "once the court has determined that a transferee has been put on inquiry notice, the court must inquire whether diligent inquiry by the transferee would have discovered the fraudulent purpose of the transfer"). The Defendant's other connections with the Debtor (*i.e.*, through the Debtor's other alter egos and associates) are obviously relevant to determining the Defendant's notice of the Debtor's fraudulent shell game.

3

6.      While the matters at issue in the Trustee's requests would be discoverable in any of the Trustee's avoidance actions, the need for such documents and information is even more plain here, given the Defendant's own statements in prior litigation reflecting its knowledge that the Debtor controlled Saraca and the other facts filed under seal in the Trustee's Cross Motion.  The Defendant's suggestion that the Court ignore these highly pertinent facts further underscores its refusal recognize the reality and the substance of the Estate's avoidance claims occasioned by the Debtor's fraudulent shell game.

*[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.]*

WHEREFORE, for the foregoing reasons and those discussed in the Cross Motion, the Court should grant the Trustee's Cross Motion, overrule the Defendant's Objection, and grant such other and further relief as is just and proper.

Dated: June 3, 2026                LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, CT

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------- x
In re:                                                  :
                                                        :      Chapter 11
HO WAN KWOK, et al.,[1]                                  :
                                                        :      Case No. 22-50073 (JAM)
                      Debtors.                           :      (Jointly Administered)
------------------------------------------------------- x
LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                      Plaintiff,                         :
v.                                                      :      Adv. Proceeding No. 24-05246
                                                        :
WA & HF LLC,                                             :
                      Defendant.                         :
------------------------------------------------------- x
```

## CERTIFICATE OF SERVICE

On the date hereof, the foregoing was filed in the above-captioned adversary proceeding

using the Court's case management/electronic case files ("CM/ECF") platform.  Notice of same

was sent immediately upon filing to all appearing parties via email by operation of CM/ECF.

Dated:  June 3, 2026
         New Haven, CT

By: /s/ Patrick R. Linsey
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).